(No. 983—Claimant awarded $1,235.60.)

BOOTH FISHERIES COMPANY, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed May 26, 1927.*

FRANCHISE TAX—*tax paid under duress may be refunded.* The tax being paid under duress or compulsion may be refunded.

STATUTE OF LIMITATIONS—*when it begins to run.* Where the statute under which the tax was paid was declared unconstitutional by the Supreme Court, the statute begins to run against the claim from the date of the decision of the court, otherwise it begins to run from the date of the payment of the tax.

PAUL O'DONNELL, for claimant.

OSCAR E. CARLSTROM, Attorney General; DAVID J. KADYK, Assistant Attorney General, for respondent.

Mr. JUSTICE LEECH delivered the opinion of the court:

The facts in this case are not in dispute and it is admitted that the claimant paid the sum of $2266.90 as excess franchise taxes in the years 1920, 1921 and 1922. These computations are based upon the ruling of the Supreme Court in the case of *People, ex rel Roberts & Schaefer* v. *Emmerson,* 305 Ill. 348. The question of whether the payment was voluntary or made under duress and compulsion was presented and argued by both sides and the facts and the law as to this point is the

same and our conclusion is the same as that arrived at in the case of Altorfer Brothers Company, No. 966, on which we have filed an opinion. There is, however, in this case an additional point not occurring in the Altorfer case and that is that one of these tax payments sought to be recovered was paid in July, 1920, and the claim was not filed until more than five years after the date of the payment. This fact appears upon the face of the claim and is raised in this case. Counsel for the claimant seeks to obviate the running of the Statute of Limitations by calling the court's attention to the fact that the Attorney General argues that this court has no right to construe a statute of the State of Illinois, but must wait until the Supreme Court has passed upon and construed the statute. Counsel for the claimant says he agrees with the Attorney General that this court usually will not construe a statute and argues that since the court would not construe the statute and declare the tax to be excessive as levied under the construction given the statute, by the Secretary of State that, therefore, the Statute of Limitations did not begin to run until the Supreme Court of Illinois has construed the statute and the Statute of Limitations was run from the date of such decision by the Supreme Court of Illinois.

We cannot agree with either the Attorney General or the claimant's attorney in this matter. This court does have power to construe statutes where it is necessary on claims brought before this court and can, and often does, reach a different conclusion from the Secretary of State or other officers on questions of construction. It follows, therefore, that the cause of action of this claimant first arose immediately upon the making of the payment and the Statute of Limitations would start to run from that time. The attorney for the claimant makes the further argument that the Supreme Court of Illinois in the O'Gara case has held the statute to be unconstitutional and that the Statute of Limitations should not begin to run except from the time when the Supreme Court of Illinois declared the law to be unconstitutional.

We agree with counsel that this court has no jurisdiction to declare statutes unconstitutional. If the basis of recovery were the unconstitutionality of the statute, we would compute the time for running of the statute from the date of the decision of the Supreme Court so holding the law to be unconstitutional, provided we were convinced the claimant had

used due diligence to have the statute tested and had not slept upon his rights. However, in the case at bar it appears the claimant does not make his claim upon that basis. It follows, therefore, that we must find against the claimant as to the item paid more than five years before the filing of this claim. This item was $1,031.30. The court is of the opinion that the remainder of the said claim is just and that the State in equity and good conscience should pay it, and, therefore, awards the claimant the sum of $1,235.60.

---

(Claims allowed.)